MARK D. LITVACK (No. 183652)
JEFFREY D. WEXLER (No. 132256)
RYAN R. ADELSPERGER (admitted *pro hac vice*)
PILLSBURY WINTHROP SHAW PITTMAN LLP
725 South Figueroa Street, 36th Floor
Los Angeles, CA 90017-5524
Telephone:      (213) 488-7100
Facsimile:      (213) 629-1033
Email:          mark.litvack@pillsburylaw.com
Email:          jeffrey.wexler@pillsburylaw.com
Email:          ryan.adelsperger@pillsburylaw.com

Attorneys for Plaintiff and Counterclaim Defendant
THE BOARD OF TRUSTEES OF THE
LELAND STANFORD JUNIOR UNIVERSITY
and Counterclaim Defendant LI NANYANG

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
### OAKLAND DIVISION

| | |
|---|---|
| THE BOARD OF TRUSTEES OF THE LELAND STANFORD JUNIOR UNIVERSITY, <br><br> Plaintiff, <br><br> vs. <br><br> ZHANG YUZHEN, an individual; FAN MIAO, an individual; FAN MAO, an individual; and all persons unknown, claiming any legal or equitable right, title, estate, lien, or interest in the property described in the complaint adverse to plaintiff's title, or any cloud upon plaintiff's title thereto, <br><br> Defendants. | Case No. 4:19-cv-02904-JST <br><br> **BRIEF OF PLAINTIFF AND COUNTERCLAIM DEFENDANT THE BOARD OF TRUSTEES OF THE LELAND STANFORD JUNIOR UNIVERSITY AND COUNTERCLAIM DEFENDANT LI NANYANG RE APPROPRIATE FORM OF JUDGMENT** <br><br> Judge: Jon S. Tigar |
| YUZHEN ZHANG, an individual, <br><br> Counterclaim Plaintiff, <br><br> vs. <br><br> THE BOARD OF TRUSTEES OF THE LELAND STANFORD JUNIOR UNIVERSITY; and LI NANYANG, an individual, <br><br> Counterclaim Defendants. | |

Pursuant to the Court's Order dated April 28, 2026 [Dkt. 198], plaintiff and counterclaim defendant The Board of Trustees of the Leland Stanford Junior University ("Stanford") and counterclaim defendant Li Nanyang ("Ms. Li") respectfully submit this brief setting forth their position as to why the Court should enter a judgment in the form attached hereto as Exhibit A or, in the alternative, why it should enter a partial judgment in the form attached hereto as Exhibit B and then enter the form of judgment submitted by defendant and counterclaim plaintiff National Library of China (the "National Library") as successor to Zhang Yuzhen ("Ms. Zhang").

The dispute between Stanford and Ms. Li, on the one hand, and the National Library, on the other hand, is how the judgment should deal with the four counterclaims that Ms. Zhang did not pursue at trial (the "Non-Pursued Counterclaims"). Stanford and Ms. Li contend that the judgment should include the Non-Pursued Counterclaims; the National Library contends it should not.

Stanford and Ms. Li ask the Court to enter a single judgment that disposes of the entire case, including all of the counterclaims asserted by Ms. Zhang. Such a judgment is appropriate because Ms. Zhang elected not to pursue the Non-Pursued Counterclaims, the Non-Pursued Counterclaims were never dismissed, and Ms. Zhang did not introduce any evidence at trial to support those counterclaims.

In the event that the Court finds it inappropriate to include the Non-Pursued Counterclaims in the judgment against the National Library, Stanford and Ms. Li ask the Court in the alternative to enter a partial judgment against Ms. Zhang as to the Non-Pursued Counterclaims pursuant to Fed. R. Civ. P. 54(b). A partial judgment would be appropriate based on a finding that the Non-Pursued Counterclaims are subject to dismissal under Fed. R. Civ. P. 25(a) because those counterclaims were never dismissed, and no one brought a motion to substitute for Ms. Zhang on those counterclaims within 90 days of service of a statement noting her death.

In no event should the Court enter a judgment that does not dispose of the Non-Pursued Counterclaims. Ms. Zhang could not have dismissed the Non-Pursued Counterclaims without prejudice absent an Order by the Court or a stipulation by Stanford and Ms. Li—neither of which occurred. Stanford and Ms. Li spent more than four years defending against the Non-Pursued Counterclaims, and they were prepared to go to trial on those counterclaims until Ms. Zhang elected

1

not to pursue those counterclaims. Dismissal of those counterclaims with prejudice is necessary to ensure final closure in this lawsuit, which has been pending for more than seven years.

## PROCEDURAL HISTORY

Ms. Zhang's Counterclaims [Dkt. 46] filed on March 17, 2020 included 11 counterclaims against Stanford and Ms. Li: (1) the First Counterclaim for Relief for Copyright Infringement – Direct, Contributory, Vicarious; (2) the Second Counterclaim for Relief for Public Disclosure of Private Facts; (3) the Third Counterclaim for Relief for Intentional Infliction of Emotional Distress; (4) the Fourth Counterclaim for Relief for Conversion; (5) the Fifth Counterclaim for Relief for Aiding and Abetting Conversion; (6) the Sixth Counterclaim for Relief for Civil Conspiracy to Commit Conversion; (7) the Seventh Counterclaim for Relief for Breach of Fiduciary Duty; (8) the Eighth Counterclaim for Relief for Aiding and Abetting Breach of Fiduciary Duty; (9) the Ninth Counterclaim for Relief for Conspiracy to Commit Breach of Fiduciary Duty; (10) the Tenth Counterclaim for Relief for Unjust Enrichment; and (11) the Eleventh Counterclaim for Relief for Enforcement of the Chinese Judgment.

In a September 28, 2022 Order [Dkt. 100], the Court granted the motion of Stanford and Ms. Li for judgment on the pleadings as against the Seventh, Eighth, and Ninth Counterclaims, finding that the fiduciary duty claims were personal to Li Rui and did not survive his death.

In the Joint Pretrial Statement [Dkt. 142] filed on July 19, 2024: (1) Ms. Zhang stated that she was currently pursuing her Fourth, Fifth, Sixth, and Eleventh Counterclaims, *see* Dkt. 142 at 4:24 – 5:3; and (2) the parties stipulated that Ms. Zhang was "no longer pursuing" her First, Second, Third, and Tenth Counterclaims, *id.* at 16:17-20. Ms. Zhang's Proposed Findings of Fact and Conclusions of Law [Dkt. 179] filed on November 26, 2024 presented no findings or conclusions as to these four counterclaims.

On March 31, 2026, the Court filed its Findings of Fact and Conclusions of Law [Dkt. 194]. The Court concluded:

> For the reasons set forth above, the Court declines to enforce the Zhang Judgment and finds in favor of Stanford on its quiet title claims. Because Li Nanyang's possession and donation of the Li Materials was lawful and in accordance with Li Rui's wishes, the Court finds against Zhang Yuzhen on her claims for conversion, aiding and abetting conversion, and civil conspiracy. ***In all other***

2

***respects, the Court finds in favor of Plaintiff and against Counterclaimant.*** Stanford shall submit a proposed form of judgment, approved by all parties as to form, within 14 days of this order.

Dkt. 194 at 41:8-14 (emphasis added).

On June 11, 2025, Ms. Zhang's counsel filed a Statement of Fact of Death [Dkt. 191], noting the death of Ms. Zhang on behalf of her son. On August 22, 2025, the Court filed a stipulated Order [Dkt. 193] substituting the National Library for Ms. Zhang in this action pursuant to Fed. R. Civ. P. 25(a) based on Ms. Zhang's testament (Trial Exhibit 333, attached as Exhibit C hereto) stating that the National Library would inherit the Li Manuscripts after Ms. Zhang's death.

## ARGUMENT

### I.    THE JUDGMENT SHOULD COVER THE NON-PURSUED COUNTERCLAIMS.

By stating that "[i]n all other respects, the Court finds in favor of Plaintiff and against Counterclaimants," Dkt. 194 at 41:12, the Findings of Fact and Conclusions of Law provide that judgment is appropriate as to all of the counterclaims raised by Ms. Zhang. The proposed judgment submitted by Stanford and Ms. Li as Exhibit A hereto would implement the Court's conclusion by entering judgment against all of the counterclaims asserted by Ms. Zhang.

It is appropriate for the judgment to dispose of the Non-Pursued Counterclaims because Ms. Zhang elected not to pursue those counterclaims but never took any steps to dismiss those counterclaims without prejudice. She did not seek—let alone obtain—leave to amend her Counterclaims pursuant to Fed. R. Civ. P. 15(a)(2) to drop the Non-Pursued Counterclaims (and if she had brought a motion for leave to amend, Stanford and Ms. Li would have opposed the motion unless such counterclaims were dismissed with prejudice). Stanford and Ms. Li did not stipulate to dismissal pursuant to Fed. R. Civ. P. 41(a)(1)(A)(ii), nor did the Court enter an Order allowing dismissal pursuant to Fed. R. Civ. P. 41(a)(2).

Instead, Ms. Zhang stated in the Joint Pretrial Statement only that she would not be pursuing the Non-Pursued Counterclaims at trial. Consistent with her statement, she did not present evidence at trial in support of those counterclaims even though she had the burden to prove those counterclaims, nor did her Proposed Findings of Fact and Conclusions of Law [Dkt. 179] include any findings or conclusions directed towards those counterclaims. Stanford and Ms. Li are unaware

3

of any authority that holds or suggests that a party that asserts claims in a pleading but fails to pursue those claims at trial can avoid the entry of judgment against it on those claims simply by stating prior to trial that it would not be pursuing those claims at trial.

Because Ms. Zhang elected not to pursue the Non-Pursued Counterclaims but those counterclaims were never dismissed and Ms. Zhang did not pursue those counterclaims at trial, the judgment should apply to those counterclaims.

## II. IN THE ALTERNATIVE, PARTIAL JUDGMENT AGAINST THE NON-PURSUED COUNTERCLAIMS WOULD BE APPROPRIATE BECAUSE NO MOTION FOR SUBSTITUTION WAS MADE WITHIN 90 DAYS OF THE SERVICE OF THE STATEMENT OF DEATH.

Even assuming *arguendo* that judgment is not otherwise appropriate as to the Non-Pursued Counterclaims, they are subject to dismissal under Fed. R. Civ. P. 25(a)(1), which provides that "[if] the motion [for substitution] is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed." *Id.* If the Non-Pursued Counterclaims were not subject to dismissal based on Ms. Zhang's failure to pursue those counterclaims at trial, they remained in the case as of the time of Ms. Zhang's death. No motion for substitution was made as to the Non-Pursued Counterclaims within 90 days after service on June 11, 2025 of the statement noting Ms. Zhang's death. Dismissal of the Non-Pursued Counterclaims would therefore be appropriate under Rule 25(a)(1).

The August 21, 2025 stipulated Order provided for substitution of the National Library for Ms. Zhang pursuant to Rule 25(a)(1) because: (1) "Zhang Yuzhen's Testament (Trial Exhibit 333) states that the Li Manuscripts inherited by Zhang Yuzhen from Li Rui pursuant to the Beijing Court's Judgment (the 'Li Manuscripts') shall be inherited by the National Library of China after her death"; and (2) "the National Library of China represents that it has inherited all of Zhang Yuzhen's rights and obligations in this action with regard to the Li Manuscripts pursuant to Chinese law,

including the right to pursue the counterclaims and affirmative defenses asserted by Zhang Yuzhen at trial in this action."[1] Dkt. 193 at 1:4-10.

Furthermore, Ms. Zhang's Testament (Exhibit C hereto) did not convey any copyrights to the National Library, much less Ms. Zhang's counterclaims for public disclosure of private facts, intentional infliction of emotional distress, and unjust enrichment. Accordingly, the National Library would not have been a proper party to the Non-Pursued Counterclaims had it sought to substitute for Ms. Zhang on those counterclaims (which it did not).

In the event that the Court finds that judgment is not appropriate as to the Non-Pursued Counterclaims but that such counterclaims are subject to dismissal pursuant to Rule 25(a)(1), Stanford and Ms. Li respectfully request that the Court enter a partial judgment pursuant to Fed. R. Civ. P. 54(b) as to the Non-Pursued Counterclaims. There is "no just reason for delay" in entering judgment on the Non-Pursued Counterclaims, *see id.*, especially given that entry of partial judgment against those counterclaims would facilitate entry of a final judgment, in the form proposed by Ms. Zhang, that would address the claim and counterclaims that were resolved at trial, *i.e.*, Stanford's claim for relief for quiet title and the Fourth, Fifth, Sixth, and Eleventh Counterclaims for Relief pursued by Ms. Zhang at trial and inherited by the National Library.

### CONCLUSION

Stanford and Ms. Li respectfully ask the Court to enter a judgment, in the form attached as Exhibit A hereto, that applies to all of the counterclaims asserted by Ms. Zhang. In the alternative, Stanford and Ms. Li respectfully ask the Court: (1) to enter partial judgment, in the form attached as Exhibit B hereto, against the Non-Pursued Counterclaims; and (2) following the entry of partial

---

[1] While the parties stipulated that the National Library could be substituted as a party to the action in place of Ms. Zhang, *see* Dkt. 193 at 1:25-26, the stipulation referred to the fact that the four counterclaims that Ms. Zhang asserted at trial were not extinguished by her death. The stipulation said nothing as to whether the Non-Pursued Counterclaims were extinguished by Ms. Zhang's death, no///r did it contemplate substitution of the National Library on the Non-Pursued Counterclaims.

Indeed, for the reasons discussed in the Court's September 28, 2022 Order dismissing Ms. Zhang's counterclaims for breach of fiduciary duty, *see* Dkt. 100 at 8:1-11:22, her counterclaims for public disclosure of private facts and intentional infliction of emotional distress were personal to her and therefore could not have been inherited by the National Library (or any other person).

STANFORD AND MS. LI'S BRIEF RE APPROPRIATE FORM OF JUDGMENT
Case No. 4:19-CV-02904-JST
4861-4032-5589

judgment against those counterclaims, to resolve the claims and counterclaims that were asserted at trial by entering a final judgment in the form proposed by the National Library.

Dated:  May 29, 2026

MARK D. LITVACK
JEFFREY D. WEXLER
RYAN R. ADELSPERGER
PILLSBURY WINTHROP SHAW PITTMAN LLP

*/s/ Mark D. Litvack*

By:    MARK D. LITVACK

Attorneys for Plaintiff and Counterclaim Defendant THE BOARD OF TRUSTEES OF THE LELAND STANFORD JUNIOR UNIVERSITY and Counterclaim Defendant LI NANYANG

STANFORD AND MS. LI'S BRIEF RE APPROPRIATE FORM OF JUDGMENT
Case No. 4:19-CV-02904-JST
4861-4032-5589