JEFFREY E. FAUCETTE (No. 193066)
MARTIN GLICK (No. 40187)
SKAGGS FAUCETTE LLP
505 Montgomery Street, 11th Floor
San Francisco, California 94111
Telephone:  (415) 874-3181
Facsimile:   (415) 888-6547
E-mail: jeff@skaggsfaucette.com
          marty@skaggsfaucette.com

Attorneys for Defendant and
Counterclaim Plaintiff NATIONAL
LIBRARY OF CHINA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| THE BOARD OF TRUSTEES OF THE LELAND STANFORD JUNIOR UNIVERSITY,<br><br>　　　　Plaintiff,<br>　　　　Counterclaim Defendant<br><br>v.<br><br>ZHANG YUZHEN, an individual,<br><br>　　　　Defendant,<br>　　　　Counterclaim Plaintiff<br><br>FAN MIAO, an individual; FAN MAO, an individual; and all persons unknown, claiming any legal or equitable right, title, estate, lien, or interest in the property describe in the complaint adverse to plaintiff's title, or any cloud upon plaintiff's title thereto,<br><br>　　　　Additional Defendants,<br><br>v.<br><br>LI NANYANG, an individual,<br><br>　　　　Counterclaim Defendant. | Case No.: 4:19-cv-02904-JST<br><br>**NATIONAL LIBRARY OF CHINA'S BRIEF IN SUPPORT OF ITS PROPOSED FORM OF JUDGMENT** |

NLC'S BRIEF SUPPORTING ITS PROPOSED JUDGMENT　　　　CASE NO.:  4:19-cv-02904-JST

**INTRODUCTION**

The Court directed the parties to submit a proposed form of judgment following entry of the Court's Findings of Fact and Conclusions of Law [Dkt. 194]. Stanford and Li Nanyang initially proposed a form of judgment that reflected the adjudication of counterclaims that the parties had previously stipulated were not part of the trial of this matter.[1] The National Library of China ("NLC") instead proposes a form of judgment that reflects only the adjudication of the claims and defenses that were either previously adjudicated on a motion to dismiss or that the parties agreed were to be presented at trial.[2]

In the Joint Pretrial Statement [Dkt. 142], under the heading "Stipulations," the parties stipulated that Madam Zhang was "no longer pursuing (a) the First Counterclaim for Relief (Copyright Infringement – Direct, Contributory, Vicarious); (b) the Second Counterclaim for Relief (Public Disclosure of Private Facts); (c) the Third Counterclaim for Relief (Intentional Infliction of Emotional Distress); and (4) the Tenth Counterclaim for Relief (Unjust Enrichment)." Further, under the heading "Binding Effect of the Joint Pretrial Statement," the parties agreed that "this order will supplement the pleadings and govern the course of trial of this case, unless modified by the Court to prevent manifest injustice," *i.e.*, the standard required by Federal Rule of Civil Procedure 16. The parties' stipulation regarding these counterclaims resulted in the dismissal of these counterclaims *without prejudice*, and they should not be part of the final judgment in this matter. This issue is significant because Stanford is likely to take the position that it prevailed on the counterclaim for copyright infringement, and to ask the Court to exercise its discretion to award Stanford attorney's fees of a substantial amount.

---

[1] Stanford's original proposed form of judgment is attached hereto as Exhibit A.

[2] The NLC's proposed form of judgment is attached hereto as Exhibit B. Shortly before the deadline to submit this brief, Stanford proposed an alternative approach involving a "partial" judgment as to the counterclaims that were voluntarily dismissed pre-trial. Stanford's new proposed "partial" judgment is attached hereto as Exhibit C. The NLC has not had adequate time to evaluate Stanford's new proposal, and continues to assert that the only judgment the Court should enter is the one proposed by the NLC.

## PROCEDURAL HISTORY OF THE COPYRIGHT ISSUE

Exhibit C to Stanford's original verified complaint [Dkt. 1] contains an admission that Li Nanyang, Zhang Yuzhen, and Li Rui's son each inherited equal shares of the copyrights owned by Li Rui prior to his death.  Zhang Yuzhen's First Amended Answer to Plaintiff's First Amended Complaint to Quiet Title; and Counterclaims Against Plaintiff and Li Nanyang [Dkt. 46] asserted, *inter alia*, a counterclaim for copyright infringement.  Stanford and Li Nanyang filed a motion for judgment on the pleadings as to counterclaims asserting breach of fiduciary duty and publication of private facts [Dkt. 64], and the Court granted that motion as to the seventh, eighth, and ninth counterclaims (all involving claims for breach of fiduciary duty) [Dkt. 100].  There has been no motion practice regarding the copyright infringement counterclaim.

During the deposition of Madam Zhang's expert Jacques deLisle on June 11, 2024, Stanford asked if the Chinese Court Judgment addressed whether or not Madam Zhang and/or Li Nanyang had inherited a right of copyright from Li Rui.  Prof. deLisle testified that the judgment did not address copyright issues.  At the conclusion of the deposition, counsel for Madam Zhang confirmed on the record that the eleventh counterclaim for enforcement of the Chinese judgment and the fourth, fifth and sixth counterclaims for conversion all sought only the return of original materials written by Li Rui.  Thus, it was clear to all parties that the only issue for trial in this matter was the disposition of the original Li Rui manuscripts.

As noted above, the Joint Pretrial Statement stated that Madam Zhang was "no longer pursuing" the copyright counterclaim, and also stated that Stanford was no longer pursuing its affirmative defenses based on copyright issues.  Stanford also stated in its proposed findings of fact and conclusions of law [Dkt. 146] that  "Ms. Zhang has agreed to drop: (a) the First Counterclaim for Relief (Copyright Infringement – Direct, Contributory, Vicarious); (b) the Second Counterclaim for Relief (Public Disclosure of Private Facts); (c) the Third Counterclaim for Relief (Intentional Infliction of Emotional Distress); and (d) the Tenth Counterclaim for Relief (Unjust Enrichment)."  Stanford did not propose *any* finding of fact or conclusion of law regarding the previously asserted copyright counterclaim (nor regarding the other dropped

counterclaims) in its pretrial proposed findings and conclusions.

At trial, the issue of Madam Zhang's former copyright claim during the cross-examination of Stanford's expert witness Thomas Kellogg when the Court engaged in the following colloquoy with counsel for Madam Zhang:

THE COURT: IS THE COPYRIGHT -- WAS THERE A COPYRIGHT CLAIM ORIGINALLY IN THIS CASE?

MR. FAUCETTE: YES, YOUR HONOR. IT'S BEEN DISMISSED.

THE COURT: WAS IT DISMISSED VOLUNTARILY OR BY THE COURT?

MR. FAUCETTE: VOLUNTARILY.

THE COURT: THANK YOU.  [Trial Transcript at 749:1-7.]

Stanford did not challenge nor question the voluntary dismissal of Madam Zhang's copyright counterclaim during the remainder of the trial.

Stanford's final proposed findings of fact and conclusions of law did make brief mention of the copyright counterclaim when it proposed for the first time that "[b]ecause Ms. Zhang has abandoned those claims, the Court grants judgment against them," and cited *BankAmerica Pension Plan v. McMath*, 206 F.3d 821, 826 (9th Cir. 2000) in support of this proposition.  This case is inapposite.  It involved an appeal from a grant of summary judgment.  The court held that the appellants could not raise new factual issues on appeal to secure reversal and that the appellants could not revisit factual issues that they had raised but then "effectively abandoned" at the summary judgment hearing when the district court asked them repeatedly to identify the genuine issues of material fact and failing to raise an issue later raised on appeal.  *Id*. at 825-826.  Stanford did not raise this issue during final oral arguments.  The Court's findings of fact and conclusions of law did not mention the copyright counterclaim nor the other counterclaims that the parties agreed had been dropped in the joint pretrial statement.[3]

---

[3] While the Court did not formally enter the joint pretrial statement as a pretrial order, the parties both take the position that the joint pretrial statement should be treated as if it were a pretrial order (footnote continued)

**RELEVANT FEDERAL RULES**

Federal Rule of Civil Procedure 41(a)(1)(A)(ii) provides that claims may be dismissed in a stipulation signed by all parties.  Rule 41(a)(1)(B) further states that unless the stipulation states otherwise, the dismissal is without prejudice.  The parties agree that under Federal Rule of Civil Procedure 16 the Joint Pretrial Statement supersedes and replaces the pleadings such that claims not identified therein may not be pursued at trial.

Here, as noted above, under the heading "Stipulations," the parties agreed that Madam Zhang was "no longer pursuing" certain counterclaims, including the copyright counterclaim.  The effect of this joint statement is the dismissal without prejudice of the counterclaims identified by the parties.[4]  Consistent with this understanding, counsel for Madam Zhang represented to the Court during trial that the copyright counterclaim had been *voluntarily* dismissed—without objection from Stanford.  Voluntary dismissals are governed by Rule 41(a) whereas involuntary dismissals are governed by Rule 41(b).  The only way for Madam Zhang to voluntarily dismiss her copyright counterclaim under Rule 41 was for Stanford and Li Nanyang to stipulate to that dismissal under Rule 41(a)(1)(A)(ii) given that they had previously answered the counterclaims.  Following the parties' joint submission of the pretrial statement, the Court accepted that statement and proceeded on the basis that the statement defined the scope of the trial in this matter.

Stanford cannot demonstrate that it will suffer prejudice from this result.  As a practical

under Rule 16.  *See*, *e.g.*, *Interstate Fire & Cas. Co. v. Underwriters at Lloyd's, London*, 139 F.3d 1234, 1239 (9th Cir. 1998) (noting that where a district court did not sign a joint pretrial order, the case still proceeded "on the assumption" that the parties' joint submission should be treated as a pretrial order under Rule 16).

[4] This procedural posture can be compared to *G.P.P., Inc. v. Guardian Protection Products, Inc.*, 126 F.4th 1367 (9th Cir. 2025), where the court reversed the district court's ruling that a party had voluntarily dismissed claims that the party had failed to proceed with during trial.  *Id.* at 1381-82.  The decision is in the context of whether or not claims had been voluntarily dismissed for purposes of a prevailing party determination under California Civil Code section 1717.  *Id.*  The court noted that "the voluntary abandonment of a claim may operate as a voluntary dismissal only where it is predicated upon a 'clear, unequivocal and express intent to abandon' the claim." *Id.* at 1382.

matter, copyright infringement claims are governed by a three-year statute of limitations.  17 U.S.C. § 507(b).  Thus, any copyright infringement alleged by Madam Zhang is now well outside of the three year window and any newly asserted claim could only invoke infringement that occurred subsequent to mid-2023 and would be unaffected by any judgment in this matter.[5]

**CONCLUSION**

For the foregoing reasons, the Court should enter final judgment in favor of Stanford on Stanford's claim for quiet title, and in favor of Stanford and/or Li Nanyang on Zhang Yuzhen's Fourth Counterclaim for Conversion, the Fifth Counterclaim for Aiding and Abetting Conversion, Sixth Counterclaim for Civil Conspiracy to Commit Conversion, Seventh Counterclaim for Breach of Fiduciary Duty, Eighth Counterclaim for Aiding and Abetting Breach of Fiduciary Duty, Ninth Counterclaim for Conspiracy to Commit Breach of Fiduciary Duty, and Eleventh Counterclaim for Enforcement of the Chinese Judgment.

The Court should further hold that Madam Zhang's First Counterclaim for Relief (Copyright Infringement – Direct, Contributory, Vicarious), Second Counterclaim for Relief (Public Disclosure of Private Facts), Third Counterclaim for Relief (Intentional Infliction of Emotional Distress), and Tenth Counterclaim for Relief (Unjust Enrichment) were voluntarily dismissed without prejudice.

Dated: May 29, 2026

JEFFREY E. FAUCETTE
MARTIN R. GLICK
SKAGGS FAUCETTE LLP

*/s/ Jeffrey E. Faucette*
By: _____
JEFFREY E. FAUCETTE

Attorneys for Defendant and Counterclaim Plaintiff NATIONAL LIBRARY OF CHINA

---

[5] The NLC takes no position regarding ongoing viability of the Second Counterclaim for Relief (Public Disclosure of Private Facts), the Third Counterclaim for Relief (Intentional Infliction of Emotional Distress), or the Tenth Counterclaim for Relief (Unjust Enrichment) because it did not inherit the rights to those claims in Madam Zhang's Testament (Exhibit 333).