UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

THE BOARD OF TRUSTEES OF THE LELAND STANFORD JUNIOR UNIVERSITY,

Plaintiff

v.

ZHANG YUZHEN, an individual; FAN MIAO, an individual; and FAN MAO, an individual.

Case No. 19-cv-02904-JST

**ORDER DISMISSING COUNTERCLAIMS WITHOUT PREJUDICE**

ZHANG YUZHEN, an individual,

Counterclaimant,

v.

LI NANYANG, an individual; THE BOARD OF TRUSTEES OF LELAND STANFORD JUNIOR UNIVERSITY,

Counterclaim Defendants.

Now before the Court are the parties' competing proposals concerning the form of judgment to be entered in this case. ECF Nos. 199, 200, 201. The principal difference between them is that Plaintiff Stanford University asks the Court to enter judgment in its favor on Counterclaimant National Library of China's ("NLC") first (copyright infringement—direct, contributory, vicarious), second (public disclosure of private acts), third (intentional infliction of emotional distress), and tenth (unjust enrichment) counterclaims (collectively the "Disputed Claims"). NCL asks that these claims be deemed to have been dismissed prior to trial and that

they not be included in the judgment.  ECF No. 200 at 2.

The record strongly supports NLC's position.  In the parties' joint pretrial statement, under the heading "Stipulations," the parties stipulated that Madam Zhang[1] was "no longer pursuing" the Disputed Claims.  ECF No. 142 at 16.  The joint pretrial statement also stated that Stanford was no longer pursuing its affirmative defenses based on copyright issues.  *Id.* at 16–17.  Stanford also stated in its proposed findings of fact and conclusions of law that "Ms. Zhang has agreed to drop: (a) the First Counterclaim for Relief (Copyright Infringement – Direct, Contributory, Vicarious); (b) the Second Counterclaim for Relief (Public Disclosure of Private Facts); (c) the Third Counterclaim for Relief (Intentional Infliction of Emotional Distress); and (d) the Tenth Counterclaim for Relief (Unjust Enrichment)."  ECF No. 146 at 76.  At trial, the issue of Madam Zhang's former copyright claim arose during the cross-examination of Stanford's expert witness Thomas Kellogg when the Court engaged in the following colloquy with counsel for Madam Zhang:

> The Court:  Is the copyright—was there a copyright claim originally in the case?
> Mr. Faucette:  Yes, your honor.  It's been dismissed.
> The Court:  Was it dismissed voluntarily or by the Court?
> Mr. Faucette:  Voluntarily.
> The Court:  Thank you.

Reporter's Transcript, 749:1-7.  Stanford did not object to counsel's statement or otherwise challenge the voluntary dismissal of Madam Zhang's copyright counterclaim at that time or at any other time during the trial.

Rule 41(a)(1)(A)(ii)[2] provides that "the plaintiff may dismiss an action without a court order by filing . . . a stipulation of dismissal signed by all parties who have appeared."  Rule 41(a)(1)(B) states that "[u]nless the . . . stipulation states otherwise, the dismissal is without prejudice."  That the joint pretrial statement was not titled "stipulation of dismissal" is not dispositive.  "[L]iteral compliance with the stipulation requirement has not been required where the agreement of all parties is apparent."  *Dameron Hosp. Ass'n v. Blue Shield of California Life*

---

[1] Madam Zhang was the original Plaintiff and Counterclaimant.  NLC succeeded her in that status when she passed away.
[2] All references to "rules" are to the Federal Rules of Civil Procedure.

2

*& Health Ins. Co.*, No. 2:07-CV-01818-GEBDAD, 2009 WL 3381527, at *2 (E.D. Cal. Oct. 15, 2009) (quoting *Garber v. Chicago Mercantile Exchange*, 570 F.3d 1361, 1366 (Fed. Cir. 2009)). Furthermore, "[t]o require the filing of a formal document would be to countenance a mechanistic view of the Federal Rules of Civil Procedure and exalt form over substance." *Oswalt v. Scripto, Inc.*, 616 F.2d 191, 195 (5th Cir. 1980).

Some examples from the caselaw illustrate these principles. For instance, courts have entered dismissals under Rule 41(a)(1)(A)(ii) where the parties exchanged substantially identical written stipulations of dismissal which were ultimately placed before the court, *Eitel v. McCool*, 782 F.2d 1470, 1472 (9th Cir. 1986); where "a voluntary, clear, explicit, and unqualified stipulation of dismissal [was] entered into [orally] by the parties in court and on the record . . . even if the agreement [was] never reduced to writing, signed, or filed," *Role v. Eureka Lodge No. 434, I.A. of M & A.W. AFL-CIO*, 402 F.3d 314, 318 (2d Cir. 2005); and where the parties' attorneys signed an agreement that the plaintiffs would not further prosecute their claim against the defendant, *Oswalt v. Scripto, Inc.*, 616 F.2d 191, 194 (5th Cir. 1980). The present case, in which the parties agreed in writing that Zhang would no longer pursue the Disputed Claims against Stanford, is squarely in line with these precedents.

Stanford argues that entering judgment in its favor on the Disputed Claims "is appropriate because Ms. Zhang elected not to pursue the Non-Pursued Counterclaims, the Non-Pursued Counterclaims were never dismissed, and Ms. Zhang did not introduce any evidence at trial to support those counterclaims." ECF No. 199 at 2. Under the cases just cited, however, these are reasons why judgment should *not* be entered in Stanford's favor. The parties agreed that the Disputed Claims were no longer part of the case, so it is not surprising that no evidence was presented to support them. And although the claims were not previously dismissed, they could (and perhaps should) have been.

Accordingly, the Court now dismisses NLC's First (Copyright Infringement – Direct, Contributory, Vicarious), Second (Public Disclosure of Private Facts), Third (Intentional Infliction of Emotional Distress), and Tenth (Unjust Enrichment) Counterclaims without prejudice.

/ / /

United States District Court
Northern District of California

3

By separate order, the Court will enter judgment using the form proposed by NLC.

**IT IS SO ORDERED.**

Dated:  July 22, 2026

_____
JON S. TIGAR
United States District Judge